NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2560
_____

SANDOR RADAI;
MICHAEL O'BRIEN,

Appellants

v.

FIRST TRANSIT; FIRSTGROUP AMERICA COMPANY;
FIRSTGROUP AMERICA; JOHN DOES (1-5).
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-10-cv-06810)
District Judge:  Hon. Joseph E. Irenas
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
March 08, 2012

BEFORE:  McKEE, *Chief Judge*, and SCIRICA, AMBRO, *Circuit Judges*

(Opinion Filed: April 30, 2012)
_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

Sandor Radai and Michael O'Brien appeal the District Court's order dismissing

1

the claim they brought against the defendant/employer for wrongful termination. For the reasons set forth below, we will affirm.[1]

**I.**

As we write primarily for the parties, we need not discuss the factual background or procedural history of this appeal.

First Transit argues that Radai and O'Brien's claim is preempted by Sections 7 and 8 of the NLRA based on the Supreme Court's decision in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959). The rule of *Garmon*—known as "*Garmon* preemption"—precludes a claim where "it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [§] 7 of the National Labor Relations Act, or constitute an unfair labor practice under [§] 8." *Id.* at 244. Section 7 of the NLRA protects the right of employees to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Similarly, Section 8 of the NLRA prohibits labor practices that "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7 . . . or discriminat[e] in regard to hire or tenure of

---

[1] The District Court had jurisdiction over this action based on diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review of a grant of a motion to dismiss. We therefore accept all allegations in the Complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *United States v. Occidental Chem. Corp.*, 200 F.3d 143 (3d Cir. 1999).

employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158.

We have stated that "*Garmon* preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicated protected concerted activity under Section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under Section 8 of the NLRA, the cause of action is preempted." *Voilas v. General Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999). Radai and O'Brien have alleged that they were involved in organizing a labor union and their employers terminated them in order to discourage labor organization within the plant. They attempt to dodge the *Garmon* bullet that is fatal to their claim by arguing that they are seeking recovery for the employers' breach of an implied contract, rather than recovery for a wrongful termination claim under the NLRA.

However, their claim is nothing more than a rather transparent attempt to recast the employer's alleged anti-union activity in terms of contract law. Their efforts to seek representation from a labor union and the allegations that the employers hindered that activity fall squarely within the protections afforded by Sections 7 and 8 of the NLRA. Because the claim relates to activity described in Sections 7 and 8 of the NLRA, the claim is clearly preempted under *Garmon*. Thus, the District Court properly dismissed the Complaint.

For the reasons stated above, we will affirm the judgment of the District Court.